**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TIMOTHY ADAMS,                    :
                                  :    Civil Action No. 10-4526 (RBK)
          Petitioner,             :
                                  :
     v.                           :    **OPINION**
                                  :
WARDEN SCHULTZ,                   :
                                  :
          Respondent.             :

**APPEARANCES:**

Petitioner pro se              Attorney for Respondent
Timothy Adams                  Angela Hewlett Miller
#42380-019                     Office of the U.S. Attorney
FCI Fairton                    Middle District of North Carolina
PO Box 420                     PO Box 1858
Fairton, NJ 08320              Greensboro, NC 27402

**KUGLER**, District Judge

This matter comes before the Court on the motions (Docket entry nos. 17 and 19) of Petitioner, Timothy Adams, seeking relief from judgment, pursuant to Fed.R.Civ.P. 60(b), with regard to this Court's July 21, 2011 Opinion and Order (Docket entry nos. 15 and 16) dismissing Petitioner's habeas petition, filed under 28 U.S.C. § 2241, for lack of jurisdiction. Petitioner filed his motions on or about January 7, 2013 and July 17, 2013, respectively. Respondents replied to both motions. (Docket entry nos. 18 and 20.) In order to entertain Petitioner's motions, the Court will instruct the Clerk

to reopen the file. These motions are decided without oral argument pursuant to Fed.R.Civ.P. 78.

## I. BACKGROUND

On or about September 3, 2010, Petitioner filed his petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in which he challenged his current confinement pursuant to a sentence imposed by the United States District Court, Middle District of North Carolina. He was convicted of conspiracy to possess with intent to distribute and to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). United States v. Timothy Adams, et. al., MDNC 6:94CR302-2. The conviction was affirmed by the Fourth Circuit Court of Appeals, United States v. Adams, 103 F.3d 120 (4th Cir. 1996)(table)(unpublished opinion at 1996 WL 721890), and the United States Supreme Court denied the petition for writ of certiorari, Adams v. United States, 520 U.S. 1180 (1997). Subsequently, Adams filed numerous challenges to his sentence in both the Middle District of North Carolina and the District of New Jersey.

On July 21, 2011, this Court entered an Opinion and Order to dismiss Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction, as a prohibited second or successive motion to vacate under 28 U.S.C. § 2255. (See Docket entry nos. 15 and 16.) Thereafter, Petitioner filed his Motion to Reopen on January 7, 2013 and Motion to Supplement Motion on July 17, 2013. (See Docket entry nos. 17 and 19.)

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party ... from a final judgment, order, or proceeding" on the grounds of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978)(quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002)).

> A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" Rather, relief under Rule 60(b) is available only under such circumstances that the "overriding interest in the finality and repose of judgments may properly be overcome."

> "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'"

Tischio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (internal citations omitted).

Relief is available only in cases evidencing extraordinary circumstances. See Ackermann v. United States, 340 U.S. 193 (1950); Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975). A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established." FDIC v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956).

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.' It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).

In both pending motions, Petitioner attempts to collaterally attack his sentence. As discussed in the earlier Opinion, this Court lacks jurisdiction to consider the merits of the arguments presented

by Petitioner here. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997) (holding that section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement).

Petitioner has not demonstrated that he satisfies any of the "extraordinary circumstances" warranting 60(b) relief. He simply disagrees with this Court's conclusion, as well as every court decision in which Petitioner has litigated this issue, and further presents meritless new claims in his motions. Thus, this Court having already considered and addressed Petitioner's arguments in and as part of the July 21, 2011 Opinion, and the Court further finding that Petitioner does not persuasively present any "mistake, inadvertence, surprise, or excusable neglect," any newly discovered evidence, any fraud, misrepresentations, or misconduct, or any other reason to warrant the extraordinary relief under Rule 60(b), Petitioner's motion under Rule 60(b) will be denied. This Court reaffirms that this matter must be dismissed as an impermissible successive § 2255 motion and that a transfer is not "in the interests of justice," under 28 U.S.C. § 1631.

In the alternative, this Court construes Petitioner's motions as motions for reconsideration under Local Civil Rule 7.1(i). In the District of New Jersey, Local Civil Rule 7.1(i) governs motions

for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when ruling. L. Civ. R. 7.1(i); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(i); Dunn v. Reed Group, 2010 U.S. Dist. LEXIS 2438 (D.N.J. Jan. 13, 2010)(L.Civ.R. 7.1(i) creates a specific procedure by which a party may ask the court to take a second look at any decision "upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court

in reaching its prior decision"). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of

opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (citation omitted).

Here, Petitioner does not and cannot allege that this Court actually "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain a motion for reconsideration. He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice. Consequently, Petitioner cannot satisfy the threshold for granting a motion for reconsideration here and his requests made in the motions for further consideration from this Court will be denied.

III. <u>CONCLUSION</u>

For the reasons set forth above, Petitioner's Rule 60(b) motion and his supplemental motion will be denied. An appropriate order follows.

<u>s/Robert B. Kugler</u>
Robert B. Kugler
United States District Judge

Dated: September 30, 2013